IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Darrell W. Clifford, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Governor Jack Dalrymple, et. al., | ) | Case No. 1:16-cv-120 |
| | ) | |
| Defendants. | ) | |

Plaintiff is an inmate at the North Dakota State Penitentiary. His complaint is now before the undersigned for initial review as mandated by 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the complaint be dismissed.[1]

I. **BACKGROUND**

Plaintiff is suing defendants solely in their official capacities over issues for their failure to provide him with a special diet. Specifically, he asserts:

> For the reason of not having or being provided with the Dash diet, I've been experiencing fatigue and sluggishness. With the Dash diet, it provides the necessary contents for my hypertension. The current food service menu provides very limited to nothing for my hypertension. That's why my request is very urgent and I'm already experiencing the physical effects as of now. Lack of oxygen to my brain.

(Docket No. 3).[2] He requests that the court order defendants "to provide [him] access to all exercise equipment and to have access to the DASH diet and sea food (shell fish, lobster, crab, shrimp), lean boneless roast meat (beef tenderloin)--basically better food.") Id.

---

[1] Plaintiff has consented to the undersigned exercise of jurisdiction in this matter. (Docket No. 6).

[2] "DASH stands for Dietary Approaches to Stop Hypertension. The DASH diet is a lifelong approach to healthy eating that's designed to help treat or prevent high blood pressure (hypertension)." <http://www.mayoclinic.org/healthy-lifestyle/nutrition-and-healthy-eating/in-depth/dash-diet/art-20048456>

1

## II. DISCUSSION

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burden imposed by prisoner suits that are too often frivolous and without merit. Jones v. Bock, 549 U.S. 199, 203-04 (2007); Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee requires courts to conduct an early screening to weed out claims that clearly lack merit. 28 U.S.C. § 1915A. In conducting the screening, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. Id.

In screening a *pro* se prisoner complaint, the court is obligated to construe it liberally and hold it to a less stringent standard than what normally would be required of attorneys. Id.; see also Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008); Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (internal quotation marks omitted). This does not mean that the court must accept everything or anything that is filed by a prisoner proceeding *pro se*, however. In enacting the screening requirement, Congress obviously expected it to be more than an a ritualistic exercise and that courts would only allow to go forward those claims that are cognizable, that seek relief from a non-immune party, and that are not obviously frivolous or malicious.

To meet the minimal pleading requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement

to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) ("Twombly"). The complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). Also, it must state enough to satisfy the "plausibility standard" for stating a cognizable claim as established in Twombly and further amplified by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678-84 (2009) ("Iqbal"). And, even though a *pro se* prisoner complaint is entitled to a liberal construction, these minimal pleading requirements must still be satisfied. E.g., Story v. Foote, 782 F.3d 968, 969 ("To state a claim, . . . [the *pro se* prisoner's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted and citing Twombly and Iqbal). Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 680-81. Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992).

To state a claim under 42 U.S.C. § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). Even under liberal pleading standards, a *pro se* litigant, at the very least, must invoke rights under the Constitution or federal law in order to plead a § 1983 claim. Walker v. Reed, 104 F.3d at 157-58. Also, the pleading must allege a sufficient causal link between the alleged violation and the basis upon which the particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities must be personally involved or directly responsible since § 1983 does not impose *respondeat superior*

3

liability. Iqbal, 556 U.S. at 676-77; Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999)

Finally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim as a matter of law. E.g., Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753-54 (7th Cir. 2002) (citing other cases).

### III.  DISCUSSION

Courts have "recognized prisoners have a right to nutritionally adequate food and that failure to provide adequate nutrition may qualify as a deliberate indifference that violates the Eighth Amendment." Cody v. CBM Corr. Food Svs., 250 Fed. App'x 763 (8th Cir. 2007) (citing Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992); see also King v. Lewis, 358 Fed. App'x 459 (4th Cir. 2009) (opining that "[a]llegations of inadequate food for human nutritional needs or unsanitary food service facilities are sufficient to state a cognizable constitutional claim . . . so long as the deprivation is serious and the defendant is deliberately indifferent to the need." (internal citations omitted)); Taylor v. Anderson, 868 F.Supp. 1024, 1026 (N.D. Ill. 1994) (allegation that prison official threatened diabetic's health by failing to provide diabetic with the proper diet sufficient to state a claim under § 1983). "However, a prisoner must show '. . . food he was served was nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food.'" Cody v. CBM Corr. Food Svs., 250 Fed. App'x 763 (8th Cir. 2007) (quoting Wishon v. Gammon, 978 F.2d at 449).

Here, plaintiff's complaint fails to plead sufficient facts to state a plausible claim as there is nothing in plaintiff's complaint to suggest that plaintiff has been denied adequate treatment for his hypertension or that his health concerns have been ignored, that his diet at the NDSP is inadequate

4

or nutritionally deficient, that he has suffered any real adverse physical effects on account of present diet, or that he has been prescribed a therapeutic diet that staff are refusing to honor. Plaintiff's desire for lobster, crab, shrimp, shellfish, and beef tenderloin does not constitute the basis for a viable claim under § 1983.

### III. CONCLUSION

Absent much more, plaintiff's conclusory assertion that the NDSP's food service menu "provides very limited to nothing for my hypertension" does not constitute basis for cognizable constitutional claim. Plaintiff's complaint is therefore **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

Dated this 29th of July, 2016.

                */s/ Charles S. Miller, Jr.*
                Charles S. Miller, Jr., Magistrate Judge
                United States District Court